IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MEAGAN BROCKWAY, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 8:20-cv-01868-LKG |
| OJEDAPO OJEYEMI, M.D. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION IN LIMINE**

Plaintiffs, by and through his undersigned counsel, pursuant to the Court's Scheduling Order, submits this Omnibus Motion in Limine and states as follows:

**I.   Preclusion of Affirmative Defenses**

Pursuant to Federal Rules of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim *or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

F.R.C.P. 33 (a)(2) indicates that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."

Defendant plead fifteen (15) different affirmative defenses in his initial Answer. [ECF Doc. No. 4]. Included in the affirmative defenses are the following:

1. Defendant generally denies the allegations of the Complaint and states that he did not commit the wrongs and omissions alleged.
2. The claims asserted in the Complaint are barred by the doctrine of contributory negligence.
3. The claims asserted in the Complaint are barred by the doctrine of assumption of the risk.
4. The Complaint fails to state legally sufficient claims upon which relief can be granted.
5. Any non-economic damages are capped by the appropriate section of the Court's & Judicial Proceedings Article.
6. All damages, if any, were caused by the actions or inactions of third parties over whom this Defendant has no control or right of control.
7. All damages, if any, were caused by the supervening, intervening acts of others.
8. The claims asserted in the Complaint are barred by the statute(s) of limitation, repose, and/or doctrine of laches.
9. Plaintiffs have failed to mitigate their damages.
10. Plaintiffs have failed to comply with a mandatory condition precedent to pursuing this cause of action.
11. The claims agedly are barred by the doctrine of waiver, release, accord and satisfaction, *res judicata*, estoppel and/or unclean hands.
12. Plaintiff's alleged damages are subject to setoff, reduction and/or credit *pro rata* or *pro tanto*, in relation to monies or other value received by Plaintiffs from others.

13. Defendant is entitled to a reduction of any verdict or judgment entered in accord with Sections 3-2A-05(h), 3-2A-06(f), and 3-2A-09 of the Courts & Judicial Proceedings Article.

14. Plaintiffs have failed to join all necessary parties.

15. Defendant reserves the right to add such additional defenses as may appear appropriate based on additional investigation or discovery.

(ECF Doc. No. 4).

Plaintiff sought the following information through interrogatories:

With regard to each affirmative defense which you may rely upon, state in detail the specific facts which form the basis for each such defense; the name, address and telephone number of each witness who has knowledge of facts you intend to rely upon in support of each such defense; and a specific description of each exhibit which contains facts or may be relevant and tend to support and prove each such defense, including the name and address of the current custodian of each such exhibit.

(Exhibit 1: Defendant's Answers to Interrogatories). In response, Defendant stated, "Healthcare Provider objects to this Interrogatory as it is overly broad and unduly burdensome. Without waiving any objection, and subject hereto, Dr. Ojeyemi maintains that he complied with the standard of care and did not cause Claimants any injury or damage. *See* Claimant Meagan Brockway's medical records. Additional information responsive to this Interrogatory may be obtained during expert discovery following Claimants' compliance with the statutory requirement of filing a Certificate of Qualified Expert and Report." (Exhibit 1 at Answer to Int. No. 15). At no point in time did Defendant Supplement this Answer to Interrogatory. There is simply no factual basis that Defendants have provided to seek the affirmative defenses listed in their Answer.

Defendant did designate their expert witness as attached as Exhibit 2. Plaintiffs do not dispute that the opinions disclosed in the report were timely disclosed; however, the opinions do not address the affirmative defenses sought by Defendant.

The burden of proof for an affirmative defense, resides with the party asserting it. ("The burden of proving all of the elements of contributory negligence is on the defense." *McQuay v. Schertle*, 126 Md. App. 556, 568, 730 A.2d 714, 720 (1999)). Additionally, "contributory negligence is a question of fact that is for the jury to decide." *McQuay* at 569(Emphasis added).

"Contributory negligence is the failure to observe ordinary care for one's own safety." *Menish v. Polinger Co.*, 277 Md. 553, 559 (1976). Defendant, however, has failed to indicate how Mrs. Brockway failed to observe ordinary care. There is simply no evidence to indicate that Mrs. Brockway failed to observe ordinary care.

The same holds true for Defendants assertion of assumption of the risk, failure to mitigate damages; all damages, if any, were caused by the actions or inactions of third parties over whom this Defendant has no control or right of control; all damages, if any, were caused by the supervening, intervening acts of others; the affirmative defense of waiver, release, accord and satisfaction, *res judicata*, estoppel and/or unclean hands; and the affirmative defense of failing to join all necessary parties. In fact, there are no affirmative defenses in this matter that are relevant to the case and the proposed testimony of the Defendant's expert witnesses.

II. **Motion to Limit Cumulative Expert Witness Testimony.**

Attached as Exhibit 2 is Defendant's Expert Witness Disclosures. Defendant has designated the following expert witnesses in the following fields:

| Joseph O'Brien, M.D. | Orthopaedic Surgeon |
| --- | --- |
| Neal Naff, M.D. | Neurological Surgeon |
| Aaron James, M.D. | Anatomic Pathology |
| Mark Young, M.D. | Physical Medicine and Rehabilitation |
| Mark Murphy, M.D. | Radiology |

While Plaintiffs do not at this time seek to exclude these expert witnesses' testimony in total, which Plaintiffs may do at the time of trial and reserve the right to do so; Plaintiffs do seek to limit the number of expert witnesses that Defendant seeks to call at trial.

A review of Defendant's expert designation makes it clear that Drs. O'Brien and Naff are designated to testify to the same exact opinions. There is nothing new or novel about the opinions that both physicians are seeking to offer.

Rule 702 of the Federal Rules of Evidence states:

> Testimony by Experts: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 allows an expert to testify if his testimony *will assist the trier of fact to understand the evidence* and his *opinion is based upon sufficient facts or data, the product of reliable principles and methods*, and those principles and methods have been *reliably applied* to the facts of the case. "Relevant evidence may be excluded 'if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' Fed. R. Evid. 403. *See also United States v. Hernandez*, 975 F. 2d 1035, 1041 (4th Cir. 1992); *Bostick Oil Co., Inc. v. Michelin Tire Corp., Com. Div.*, 702 F.2d 1207, 1221 (4th Cir.) *cert. denied*, 464 U.S. 894, 78 L.Ed. 2d 232, 104 S. Ct. 242 (1983)." *May v. Stahl*, 1996 U.S. App. LEXIS 15549, *4 (U.S. Court of Appeals 4th Cir, June 27, 1996).

The testimony sought of both Drs. O'Brien and Naff are cumulative and violate Fed. R. Evid. 403. Defendant should be limited to one or the other.

Additionally, while Plaintiffs recognize that Drs. James, Young, and Murphy hold different specialties, there is clearly overlap in the proposed testimony amongst all five designated expert witnesses. The probative value of the cumulative testimony would be substantially outweighed by its cumulative nature. Specifically, Dr. Murphy seeks to discuss "generally regarding re-herniation, as well as specifically with regard to Ms. Brockway." This is the exact same testimony being sought of Dr. Naff and Dr. Young. While it is understood that background medical information needs to be identified, seeking to have three expert witnesses testify "generally" to same matter should not be allowed. This is nothing more than an attempt by the Defendant to prejudice the jury with the quantity of expert witnesses that they present as opposed to the quality of the testimony presented. The Court should recognize that Dr. Murphy has been designated solely to opine as to what he perceived in his review of the radiology studies and Dr. James has been designated solely to opine to his review of the pathology slides.

Respectfully submitted,

PAULSON & NACE, PLLC

/s/ Matthew A. Nace
Matthew A. Nace, Esq.
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of March, 2021, a copy of the foregoing was filed electronically through the Court's ECF system and is available for viewing through the Court's ECF system. Notice of this filing will be sent to all counsel of record through the Court's ECF filing system.

Respectfully submitted,

*/s/ Matthew A. Nace*
Matthew A. Nace, Esq.